IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY-CORE HOSPITALITY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES PALMER, et al.,<br><br>Defendants. | Case No. 17-cv-05544-CRB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

In this case stemming from a business deal gone sour, Plaintiff City-Core Hospitality ("City-Core") brings claims against a trademark licensor and various entities related to the licensor under section 43(a) of the Lanham Act for false designation of origin and false advertising. Finding that City-Core has not pled facts that would support either a false advertising claim or a claim for false designation of origin, the Court dismisses the First Amended Complaint with leave to amend.

## I. BACKGROUND

City Core and Defendant Mill Creek Hospitality ("Mill Creek") each owns a 50 percent stake in Palmer City-Core Hotels ("PCCH"), with equal voting rights. FAC ¶¶ 2, 4. Mill Creek is in turn owned by Defendant Charlie Palmer ("Palmer"), a celebrity chef. Id. ¶ 4. Palmer and City-Core, owned by Richard Kaufman and Andrew Garay, formed PCCH in 2007 to jointly open hotels and restaurants. Id. ¶¶ 23–25. The parties had a falling-out, however, and are currently in dissolution proceedings before the Delaware Court of Chancery. Def's First Request for Judicial Notice (dkt. 19).

The dispute in this litigation is over Defendants' use of the mark CHARLIE PALMER in

connection with hotels and restaurants. Id. ¶ 36. City-Core alleges that Charlie Palmer Enterprises ("Palmer Enterprises"), Charlie Palmer's wholly owned corporate entity, entered into an exclusive 25-year agreement to license the marks CHARLIE PALMER and CHARLIE PALMER HOTEL to PCCH for use in, among other things, hotels and restaurants. Id. ¶¶ 26–30; see also Master Trademark License Agreement (dkt. 12 ex. A) ("Agreement"). City-Core alleges that Palmer Enterprises violated that agreement by licensing the CHARLIE PALMER mark to various Palmer-related entities to promote Palmer's own hotels and restaurants. FAC ¶ 36–37. City-Core brings a derivative claim on behalf of PCCH against Palmer and his various entities, alleging unfair competition under federal and state law,as well as breach of contract. Defendants have moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a federal court's subject matter jurisdiction. Where, as here, a party makes a facial challenge to subject matter jurisdiction, the court takes the complaint's allegations as true. Courthouse News Serv. v. Planet, 750 F.3d 776, 780 (9th Cir. 2014).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), meanwhile, goes to the merits of the claim. In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of L.A., 828 F.2d 556, 561 (9th Cir. 1987). Nevertheless, the facts pleaded must make the claim "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Following dismissal, a court "should liberally allow a party to amend its pleading." Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013). However, it need not grant leave to amend if there is no set of facts under which the plaintiff can state a valid and sufficient claim. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 188 (9th Cir. 1987).

## III. DISCUSSION

City-Core brings several claims that sound in state law, as well as claims for false advertising and false designation of origin under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Both Lanham Act claims fail for the reasons described below. Because these are City-Core's only federal claims, the Court lacks subject-matter jurisdiction.

### A. Lanham Act Claim for False Advertising

City-Core claims that the Palmer-affiliated entities' use of the CHARLIE PALMER mark amounts to false advertising under the Lanham Act because it has led consumers to incorrectly assume that Palmer's properties are affiliated with those owned by PCCH. FAC ¶¶ 39, 45. But this is not a "false or misleading description" or representation of fact—it is (if anything) a false designation of origin, which is a distinct claim. See 15 U.S.C. § 1125(a)(1). The Court accordingly dismisses City Core's federal false-advertising claim.

### B. Lanham Act Claim for False Designation of Origin

City-Core also brings a claim for false designation of origin against all defendants save Palmer Enterprises and Mill Creek. FAC at 12. Palmer claims that trademark licensees cannot make out a Lanham Act claim against their licensors for false designation of origin. Mot. at 8. This is correct. Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc., 277 F.3d 253, 259 (2d Cir. 2002) (Newman, J.). The reason is simply that such a claim fails to satisfy section 43(a)'s requirement that the designation be false. While a licensee's use of a mark might contribute to the mark's commercial meaning and build up goodwill, that meaning and goodwill all accrue to the

3

mark's owner, not to the licensee. Id.; see also 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 18:52 (5th ed. 2017) ("A licensee's use inures to the benefit of the licensor-owner of the mark and the licensee acquires no ownership rights in the mark itself."). The licensee is only renting the licensor's own goodwill. In other words, the licensor is the origin of the mark—i.e., the "source of the goodwill inhering in [it]." See Fox, 277 F.3d at 259.

City-Core responds that this rule does not apply here because it is not suing Palmer Enterprises, the party that entered into the licensing agreement, but rather only the Palmer-affiliated entities. City-Core correctly points out that one need not be the owner or registrant of a mark in order to assert a claim for false designation of origin under section 43(a), 15 U.S.C. § 1125(a). Quabaug Rubber Co. v. Fabiano Shoe Co., 567 F.2d 154, 160 (1st Cir. 1977); Belmora LLC v. Bayer Consumer Care AG, 819 F.3d 697, 713 (4th Cir. 2016), cert. denied, 137 S. Ct. 1202 (2017). While the goodwill in the mark belongs to the owner, a licensee's claim under section 43(a) is not derivative of the trademark owner's own rights in the mark. Rather, it is a suit to protect the licensee's right to take advantage of that goodwill.

The question here is whether the exclusive licensee of a mark may sue another valid licensee of the same mark. While the parties do not cite any on-point authority, the answer must be in the negative. Parties that have a valid license to use a mark and that use the mark in accordance with the license are merely exercising rights that have been granted by the licensor. So they do not falsely designate the source of the mark's goodwill in using the mark. City-Core does not allege that the licensing agreements between Palmer Enterprises and the various Palmer-related corporations against whom it brings its Lanham Act claim are invalid on their own terms. It only argues that these licenses are inconsistent with its own. Accordingly, it has no Lanham Act claim against the Palmer-related entities.

City-Core's only remaining claims are for breach of the exclusive licensing agreement against Palmer Enterprises, and for tortious interference with contract against the Palmer-related entities. These are state-law claims over which this Court lacks jurisdiction. See Kansas City Pub. Schs. 828 F.3d 687, 692 (8th Cir. 2016) (mere reference to federal law insufficient to establish a federal question); Johnston v. Byrd, 354 F.2d 982, 984 (5th Cir. 1965) ("In order to

4

invoke the jurisdiction of a federal court there must be a substantial claim founded directly upon federal law.") (internal quotation marks omitted); 13D Charles A. Wright et al., Federal Practice and Procedure § 3582 (3d ed. 2017) (contract referencing trademark does not necessarily arise under federal law); Postal Instant Press v. Clark, 741 F.2d 256 (9th Cir. 1984) (no federal jurisdiction in contract dispute involving protected trade name and logo); Ryan v. Volpone Stamp Co., Inc., 107 F. Supp. 2d 369, 376 (S.D.N.Y. 2000) (district court only has subject-matter jurisdiction over trademark infringement claim in plaintiff properly alleges trademark violation and seeks remedies under Lanham Act).

## IV. CONCLUSION

Accordingly, the Court GRANTS Defendants' motion to dismiss with leave to amend. City-Core shall file an amended complaint on or before Feb. 2, 2018. In amending its complaint, City-Core should focus on clarifying the defects the Court has identified as it relates to this Court's subject-matter jurisdiction, by alleging facts that would either support a false advertising claim or a claim that the various defendants it has named in its false designation of origin claim do not have a lawful right to use the mark. With regard to the latter, the Court emphasizes that, in order to state a valid claim under the Lanham Act, City-Core must allege that the various defendants' licenses are not only inconsistent with City-Core's own license, but are invalid on their own terms.

**IT IS SO ORDERED.**

Dated: Jan. 12, 2018

CHARLES R. BREYER
United States District Judge